Joseph F. **KENNEDY,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15957.

Missouri Court of Appeals,
Southern District,
Division One.

May 18, 1989.

Motion for Rehearing or Transfer
Denied June 9, 1989.

Joseph F. Kennedy, pro se.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

Movant Joseph F. Kennedy was convicted of capital murder, § 565.001,[1] and sentenced to life imprisonment without eligibility for parole or probation for fifty years. The conviction was upheld on appeal. *State v. Kennedy,* 726 S.W.2d 884 (Mo. App.1987). On October 15, 1987, movant filed a motion for relief under former Rule 27.26.[2] Following an evidentiary hearing

held August 17, 1988, relief was denied. Movant appeals.

■ Although movant was given the opportunity to request appointed counsel on appeal, he failed to respond to the offer. Because movant has decided to represent himself, "he will be held to the same standards applicable to lawyers and charged with the same knowledge of required rules and procedures as if he were a qualified member of the bar." *Riley v. State,* 545 S.W.2d 711, 712 (Mo.App.1976). This includes the requirement that the movant compile the record, Rule 81.12(c), file the exhibits, Rule 81.15, and comply with the briefing rules, Rule 84.04. Although the transcript of the trial in the underlying case was an exhibit before the judge hearing the Rule 27.26 motion, movant has not filed that exhibit here. Exhibits not filed with the appellate court are taken as favorable to the trial court's ruling and unfavorable to movant. *Wykle v. Colombo,* 457 S.W.2d 695, 700 (Mo.1970). As discussed hereinafter, movant also violates the briefing rules. We take the record and brief as we find them.[3]

Essentially the facts are that Kennedy and Ralph West forced their way into the Amussen home and took several weapons at gunpoint. Before exiting the home, Kennedy shot and killed Mr. Amussen and wounded Mrs. Amussen. Both West and Mrs. Amussen identified Kennedy as the assailant at movant's trial.

Movant's first point, stripped of excess verbiage, conjunctively claims two separate errors:

The hearing court errered [sic] in ... failure to set-forth facts and conclusions of law as required by Missouri Supreme

---

1. Unless otherwise indicated, references to statutes are to RSMo 1978.

2. References to Rule 27.26 are to Missouri Rules of Court (18th ed. 1987). Since "sentence [was] pronounced prior to January 1, 1988, and a prior motion under Rule 27.26 is pending, post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed." Rule 29.15(m), Missouri Rules of Court (20th ed. 1989). Unless otherwise indicated, all other rule references are to Missouri Rules of Court (20th ed. 1989).

3. If the state had moved for dismissal of this appeal, it may have received favorable consideration. *County Court of Washington County v. Murphy,* 658 S.W.2d 14, 16 (Mo. banc 1983); Rules 84.08, .10. As it was, the state's brief did not even fully address the substance of movant's arguments. This distressing dereliction left us dependent upon movant's presentation and our own research.

Court Rule 27:26(i) ... and ... ruling that none of movant's grounds for relief contained in his original motion and enumerated 8(a) to 8(o) have any merit ... and errered [sic] in it's [sic] "findings of fact and conclusions of law that the tendered modified intoxication instruction, defendant's instruction (A) was properly refused by the trial court...."

Movant's second point, also edited for wordiness, asserts:

The hearing court's findings of fact and conclusions of law were not supported by the evidence adduced at the evidentiary hearing in that your appellant met his burden of establishing ineffective assistance of counsel by his trial attorney ... and appellant established ineffective assistance of appellate counsel....

■ The argument portion of movant's brief departs substantially from the relatively narrow points relied on. The argument under Point I is subdivided into eight divisions designated "A" through "H." Only subdivisions "G" and "H" address the issues raised in the first point relied on. Claims of error not properly asserted in the points relied on preserve nothing for appellate review. *J.C. Jones and Co. v. Doughty*, 760 S.W.2d 150, 152 (Mo.App.1988); Rules 84.04(d) and 84.13(a).

■ The first point we address is movant's claim that the court erred when it failed to set forth findings of fact and conclusions of law on each issue submitted in movant's pro se Rule 27.26 motion. Movant incorporated his entire pro se motion when he filed his amended motion. In this case the motion court's finding on movant's pro se motion stated: "[N]one of movant's alleged grounds for relief contained in his original Motion and enumerated 8(a)—8(o), inclusive, have any merit and all are hereby overruled by the Court." Movant correctly asserts that the motion court is required to make findings of fact and conclusions of law on each issue presented. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978); Rule 27.26(i). Clearly it is better to make specific findings on each issue submitted. However, findings of fact and conclusions of law are sufficient if

they enable the reviewing court to determine whether those findings, the conclusions, and judgment of the court are clearly erroneous. *Boliek v. State*, 755 S.W.2d 417, 419 (Mo.App.1988). "No error will result, however, for failure to make findings of fact and conclusions of law on claims that are unsupported by substantive evidence or on claims not cognizable in a 27.26 proceeding." *McDonald v. State*, 758 S.W.2d 101, 104 (Mo.App.1988) (citations omitted).

The fifteen claims raised in movant's pro se motion and not specifically addressed by the motion court fall into two categories. The first and largest category is a series of allegations of trial error complaining of the use of Missouri Approved Criminal Charges, the giving of Missouri Approved Criminal Instructions, the admission of evidence of movant's prior convictions during his cross-examination, the insufficiency of evidence to support the identification of movant as the offender, the prosecutor withholding evidence of aggravation which was used in the trial's punishment phase, and the prosecutor's use of two witnesses who gave slightly varying accounts of incidents surrounding the crime. The second category of complaint is ineffective assistance of counsel.

■ The record before us reflects no substantive evidence offered in support of any of the first category of complaints contained in paragraph 8 of the pro se motion. Also, the claims of trial error raised in movant's pro se motion are not cognizable in a 27.26 proceeding unless they rise to the level of constitutional error. *Hanson v. State*, 684 S.W.2d 337, 339 (Mo.App.1984). A constitutional error is generally defined as "one that is so glaring as to cause a substantial deprivation of the right to a fair trial." *Hanson v. State*, *supra*. Notwithstanding movant's characterization of the first category of claims in his pro se motion, they are not of constitutional magnitude. Because the first category of complaints contained in paragraph 8(a) through (o) of the pro se motion are not cognizable in a post-conviction proceeding and are not supported by substantive

evidence, findings of fact and conclusions of law were not required.

Movant's assertion that the court made no findings of fact or conclusions of law regarding that category of claims relating to effectiveness of counsel is not altogether accurate. Contrary to his claim, the court concluded that "movant had effective assistance of counsel during all phases of his criminal case including pre-trial, trial and appeal." Insofar as Point II of movant's brief addresses the claims of ineffective assistance of counsel, the specific factual support for the trial court's conclusion will be addressed below. It suffices to say here that the first part of movant's first point on appeal is without merit.

■ The second complaint under Point I is that the hearing court improperly found that the trial court was correct in refusing to give defendant's proposed Instruction A. Ordinarily, instructional error is not cognizable in a 27.26 proceeding. *Hanson v. State, supra.* Assuming the instructional error was cognizable, Instruction A was an unauthorized modification of MAI–CR2d 3.30.1 which substituted the word "intentionally" for the word "knowingly." The approved instruction on intoxication was given by the trial court. Rule 28.02(c) provides that "[w]henever there is an MAI–CR instruction or verdict form applicable under the law to the facts, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other on the same subject." Rule 28.02(c).[4] This court is not at liberty to disregard that rule. Also, the instruction on intoxication as a defense tracks the language of the statute on the subject. Intoxication is a defense under the statute when such condition "[n]egatives the existence of the mental states of purpose or knowledge when such mental states are elements of the offense." § 562.076.1(1). The giving of movant's Instruction A by the trial court would have, in effect, permitted movant to advance a defense not recognized by the statute. The motion court did not err in finding that the modified instruction was properly refused.

As previously noted, there are other claims advanced in the argument portion of the brief under the first point which are not preserved for our consideration because they were not included in the points relied on. Movant has not merely failed to properly articulate these claims in a point relied on; he raises issues in argument which are not even alluded to in the points relied on. "[A]llegations of error not briefed or not properly briefed ... shall not be considered...." Rule 84.13(a). Movant's argument under Point I does not claim plain error, and our review of his arguments discloses none. An extended discussion would be of no precedential value. Rule 84.16(b).

■ Movant's second point only asserts the legal conclusion that counsel was ineffective without describing "wherein and why" counsel was ineffective. Such an abstract assignment of error is insufficient and preserves nothing for review. *Johnson v. State,* 587 S.W.2d 622, 623 (Mo.App. 1979); *Trout v. State,* 523 S.W.2d 529, 530 (Mo.App.1975); Rule 84.04(d). Accordingly, appellate review of movant's second point is also limited to a determination of plain error. Rule 84.13(c).

From the argument under Point II we discern that movant's complaints regarding ineffective counsel are that counsel (a) failed to force state's witness Emma Barnett to consent to an interview or give a deposition, (b) failed to call expert witnesses to testify regarding capital punishment, (c) failed to interview or call as witnesses persons who had performed psychological testing under the direction of a mental health expert who examined movant, (d) failed to investigate the crime scene to develop and amass facts which would have impeached the testimony of Anna Amussen and Ralph West, (e) abandoned the issue of the identification of the movant during the course of the trial, (f) failed to impeach the perjured testimony of Ralph West, (g) failed to argue that the evidence was insufficient to convict, and (h) appellate counsel failed to notify movant that no petition for transfer to the Supreme Court would be

---

**4.** Missouri Rules of Court (15th ed. 1984).

submitted and failed to advance the issue of the refusal of Instruction A, mentioned above, on appeal.

In order to prevail on an ineffective assistance of counsel charge, movant must show that his trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would provide, and that he was prejudiced due to the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). To demonstrate prejudice, the movant must show that the attorney error changed the outcome of his trial. *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Sanders v. State, supra*, at 860–61. The movant must also overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. *See also Sanders v. State, supra*, at 858. Finally, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. *See also Sanders v. State, supra*. With these rules in mind, we examine movant's second point.

■ The first claim of ineffective assistance of counsel relates to counsel's failure to interview or obtain a deposition from Emma Barnett. By way of the parties' briefs, we are informed of her testimony at the trial. Mrs. Barnett was movant's mother-in-law. On the Saturday after Thanksgiving in 1983, movant was at her house, and she saw him give a gun to her husband. In addition, movant came to her house the following Sunday and brought some guns wrapped in a blanket. These guns were retrieved from her home by police and identified as the guns stolen in the Amussen robbery. During cross-examination she testified that she had refused to speak with movant's trial counsel regarding the subject matter of her testimony because of a dislike for Joe Kennedy, and

then volunteered, "Who wouldn't, anybody who'd do a crime like that."

While counsel did not interview Mrs. Barnett, the record indicates that the substance of Mrs. Barnett's testimony was known to movant's trial attorney prior to trial because it appeared in police reports disclosed during pretrial discovery. Movant has failed to demonstrate, and we are asked to speculate, that a deposition or interview would have disclosed that Mrs. Barnett would make the voluntary statement upon being cross-examined. Even if counsel knew she would make such a statement, his decision to use Mrs. Barnett's dislike for movant as a basis to impeach her testimony was a matter of trial strategy clearly within the wide range of reasonable professional assistance. In addition, movant has failed to show how the action of the attorney, if error, changed the outcome of the trial.

■ The second claim of ineffective assistance of counsel is that the trial attorney failed to call an expert witness to testify on the subject of capital punishment. Assuming such testimony would be admissible, it would only be admissible during the punishment phase of the trial during which only two possible punishments for capital murder were permitted, death or life imprisonment without eligibility for parole for fifty years. § 565.008.1. Because movant received the lesser of the two possible punishments, he failed to demonstrate prejudice, an essential prerequisite to his claim of inadequate representation.

■ Movant's third argument asserting ineffective counsel is that his attorney failed to compel a social worker and a psychology student who performed psychological tests on movant to testify in addition to the expert who supervised them. There is not a scintilla of evidence in the record before us to show what those witnesses would have said had they been called. To show defense counsel was ineffective in failing to call such witnesses, movant must prove that they could have been located through reasonable investigation, they would have testified if called, and their testimony would have provided a via-

ble defense. *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984). Mere speculation as to what these witnesses would have testified to falls short of the prejudice prong of *Strickland*. *Sanders v. State*, *supra*, at 860–61. At his evidentiary hearing, movant had the opportunity to seek out these witnesses and call them but failed to do so. Consequently, the point is denied.

The fourth claim of ineffective assistance of counsel is that counsel failed to investigate the crime scene and "amass facts" which would show that the eyewitnesses were mistaken concerning the events that occurred during the course of the crime. According to movant, had counsel done an adequate job of investigation, he would have discovered that Mrs. Amussen was "looking out the corner of her eye ... when the shot's [sic] from the suspect's gun was fired." Therefore, he concludes, "she could not tell from a side view who the perpetrator was." Mrs. Amussen did not testify at the post-conviction hearing. As previously noted, movant has failed to provide this court with a copy of the trial transcript. We have no way of knowing what direction Mrs. Amussen was facing. However, assuming she testified that she was facing out the window at the time the shot was fired at the victim, it does not necessarily lead to movant's conclusion that she could not see who shot Mr. Amussen. Worded differently, movant has failed to show in what manner defense counsel's investigation was deficient or that any additional investigation would have aided in the defense. Counsel only has a duty to make reasonable investigations and a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgment. *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. We cannot say that defense counsel's decisions were not within the wide range of reasonable professional assistance. Consequently, the fourth claim of ineffective assistance of counsel is denied.

The fifth claim of ineffective assistance of counsel asserts that the identification of movant as the assailant was tainted because of an improper pretrial photographic lineup, and counsel failed to assert the tainted identification. As with other issues, that allegation is not self-proving, and the movant has the burden of establishing his claim by a preponderance of the evidence. *Pool v. State*, 670 S.W.2d 210, 211 (Mo.App.1984). The record before us does not support the claim of a tainted identification. Even if Mrs. Amussen's testimony at trial was tainted because of a pretrial identification, the limited record we have reflects that Ralph West, movant's accomplice in the crime, identified movant as the murderer. Mrs. Amussen's testimony was merely cumulative. An attorney's failure to object to cumulative evidence cannot be the basis of alleging ineffective assistance of counsel. *Robinson v. State*, 643 S.W.2d 8, 10 (Mo.App.1982).

In his sixth claim of ineffective assistance of counsel, movant argues that counsel failed to object to Ralph West's perjured testimony. The thrust of movant's argument is because there were variances between the testimony of Mrs. Amussen and West, there must have been perjury by someone. "Variances are not *per se* perjury." *Tyler v. State*, 501 S.W.2d 189, 191 (Mo.App.1973). Because movant has failed to demonstrate that the testimony was perjured, he has also failed to show that any objection of counsel would have been meritorious. Defense counsel may not be found ineffective for failure to object when the objection has no merit. *Brayfield v. State*, 738 S.W.2d 579, 582 (Mo.App.1987).

The seventh basis for movant's claim of ineffective assistance of counsel is his trial attorney's failure to argue that the evidence was insufficient. Movant overlooks the overwhelming evidence of his guilt apparent from the limited record we have before us. There were two eyewitnesses to the shooting, and he was observed in possession of the stolen property. Second, the weighing of the testimony of the experts as to his mental competency

was for the jury, and it was entitled to determine the credibility of the witnesses. *State v. Jones*, 745 S.W.2d 748, 751 (Mo. App.1987). Any objection to the sufficiency of the evidence would have been without any basis. Consequently, defense counsel may not be judged ineffective for failure to make a meritless argument. *Brayfield v. State, supra.*

Movant's final complaint of ineffective assistance of counsel is that on appeal his attorney failed to timely notify him that a petition for transfer to the Missouri Supreme Court would not be submitted, and his attorney failed to advance the issue of the trial court's refusal to give Instruction A on the question of movant's intoxication.

Movant is not constitutionally entitled to counsel to seek discretionary review by the Missouri Supreme Court. *Ross v. Moffitt*, 417 U.S. 600, 615–16, 94 S.Ct. 2437, 2446–47, 41 L.Ed.2d 341, 353–54 (1974). It follows that post-conviction relief cannot be founded upon conduct of counsel during a stage of the proceedings at which a defendant is not entitled to representation. Also, movant does not direct us to any aspect of the appellate opinion which would justify transfer under Rules 83.02–.03. Therefore, counsel's failure to timely notify him that no petition to transfer would be filed is not shown to be prejudicial. As discussed earlier, had appellate counsel raised the correctness of the trial court's refusal to submit Instruction A, the claim would have been meritless. Therefore, counsel will not be adjudged ineffective for failure to raise the issue. *Brayfield v. State, supra.*

Movant's first and second points and all subpoints raised therein are without merit. The motion court's denial of movant's Rule 27.26 motion is hereby affirmed.

CROW, P.J., and GREENE, J., concur.