**Mark HARRIS, Appellant,**

v.

**A.L. LOCKHART, Appellee.**

**No. 89–2402.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1990.

Decided Oct. 31, 1991.

Monte D. Estes, Little Rock, Ark., for appellant.

Olan W. Reeves, Little Rock, Ark., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSON,* Senior District Judge.

---

* The Honorable William C. Hanson, Senior United States District Judge for the Southern District

McMILLIAN, Circuit Judge.

Mark Harris appeals from a final judgment entered by the United States District Court[1] for the Eastern District of Arkansas dismissing his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. *Harris v. Lockhart*, No. PB–C–87–613 (E.D.Ark. July 27, 1989). The magistrate judge denied the petition based on procedural default. For reversal, appellant argues that his claims for relief are not procedurally barred because (1) he complied with state procedural rules by filing a writ of error coram nobis petition, (2) ineffective assistance of trial counsel caused his procedural default, and (3) he is actually innocent of the crime of first-degree murder. For the reasons discussed below, we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

In April 1978 appellant, who was at the time seventeen years old, was arrested and charged with first-degree murder in the death of three-year-old Stephanie Hall. Also arrested and charged with first-degree murder were appellant's father and half-brother. The Harris family were the founders and "spiritual" leaders of an extremely religious group. Appellant had been groomed as its "prophet." After appellant had prophesied that the child was an "anathema" to the group, appellant's father and half-brother shot and killed her. Appellant did not participate in the actual murder of the child, but he helped them dig a grave for the child.

On September 12, 1978, when appellant's trial was scheduled to begin, he requested the state trial court to allow him to change his plea of not guilty to nolo contendere. In its colloquy with appellant prior to accepting this plea, the state trial court inadvertently told appellant that the maximum penalty he could receive if his plea were accepted was fifty years, rather than the correct maximum of life imprisonment. The state trial court accepted appellant's

change of plea and sentenced him to imprisonment for life. Appellant never filed a petition for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure; however, in October 1985, he did file a pro se petition for a writ of error coram nobis in the state trial court. As grounds for the issuance of the writ, appellant listed ineffective assistance of counsel, failure to understand the charges against him, involuntary plea, coercion of plea, and an erroneous charge of first-degree murder. After the state trial court denied appellant's petition for writ of error coram nobis, appellant then filed a pro se petition for writ of certiorari with the Arkansas Supreme Court, raising essentially the same grounds as contained in his petition for writ of error coram nobis. The Arkansas Supreme Court denied the petition for a writ of certiorari, stating "[t]he record does not indicate whether [appellant] ever filed a Rule 37 petition, but, if not, the error coram nobis petition he filed in 1985 was not a substitute for doing so." *Harris v. State*, No. CR–87–90, 1987 WL 13174 (Ark. June 29, 1987) (unpublished opinion) (citations omitted).

In 1988 appellant filed this petition for writ of habeas corpus in federal district court. He alleged as grounds for relief that he did not understand the consequences of his plea of nolo contendere, he did not receive effective assistance of counsel and the charge of first-degree murder was erroneous. Counsel was appointed and an evidentiary hearing was held. Based upon the ruling of the Arkansas Supreme Court, the magistrate judge found that the Arkansas state courts have never been presented with an opportunity to consider the merits of the grounds raised. *Harris v. Lockhart*, No. PB–C–87–613, slip op. at 3. This appeal followed.

## PROCEDURAL DEFAULT

As noted above, petitioner did not file a direct appeal or a petition for post-conviction relief in the state courts. In

---

of Iowa, sitting by designation.

1. The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas. By consent of the parties pursuant to

28 U.S.C. § 636(c)(1), the cause was heard by the magistrate judge and appealed directly to this court.

1985, petitioner filed a pro se petition for writ of error coram nobis in the state trial court, which was denied in 1987. *Harris v. State,* No. 87–9 (Ark.Cir.Ct. Feb. 20, 1987) (order). In 1987, he filed in the Arkansas Supreme Court a pro se petition for writ of certiorari from the denial of the petition for writ of error coram nobis. The state supreme court denied the petition for writ of certiorari. *Harris v. State,* No. CR–87–90, 1987 WL 13174 (Ark. June 29, 1987) (order) (per curiam). Petitioner argues that these petitions afforded the state courts with the opportunity to decide the claims he raised in his federal habeas petition on the merits. We disagree.

The state courts had no opportunity to decide petitioner's federal claims on the merits because petitioner failed to present his federal habeas claims to the state courts in a timely or procedurally correct manner. Petitioner did not file a direct appeal or a petition for post-conviction relief. He did file a petition for writ of error coram nobis some seven years after his plea; however, under Arkansas law, a petition for writ of error coram nobis cannot be used as a substitute for a Rule 37 petition. *Id.,* slip op. at 2, *citing McDonald v. State,* 285 Ark. 482, 688 S.W.2d 302, 303 (1985) (per curiam). In denying the petition for writ of error coram nobis, the state courts decided only that there was no error of fact extrinsic to the trial record which, if known, would have prevented the entry of judgment; the state courts did not decide whether any of petitioner's claims warranted post-conviction relief. *Harris v. State,* No. CR87–90, slip op. at 2. For this reason, we hold petitioner has defaulted his federal claims in state court, and "federal habeas review of the claims is barred unless [he] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

CAUSE

■ Next, we examine appellant's contention that he has established cause for his procedural default. Appellant argues that his trial counsel misled him into believing that if he pleaded nolo contendere, he would receive no more than fifty years in prison. In *Murray v. Carrier,* 477 U.S. at 489, 106 S.Ct. at 2646, the Supreme Court held that "a claim of ineffective assistance of counsel [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *See also Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). Here, appellant cannot use ineffective assistance of counsel to establish cause for procedural default because his claims were neither raised in a timely manner in the state court nor addressed on the merits by the state court. *Leggins v. Lockhart,* 822 F.2d 764, 768 n. 5 (8th Cir.1987), *cert. denied,* 485 U.S. 907, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988). This is so whether the claim of ineffective assistance of counsel is asserted as cause for procedural default or as an independent claim. *Id.*

ACTUAL INNOCENCE

■ Finally, appellant argues that, even in the absence of a showing of cause for the procedural default, the magistrate judge should have granted habeas relief because he is actually innocent. *See Murray v. Carrier,* 477 U.S. at 496, 106 S.Ct. at 2649. Our examination of the record, as well as the briefs and argument, convinces us that appellant has shown nothing to prove he was actually innocent of the crime.

Accordingly, we affirm the judgment of the district court.