Joseph F. **KENNEDY**, Appellant,

v.

Paul K. **DELO**, Appellee.

No. 91–1075.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1991.

Decided March 19, 1992.

---

Lee Hardee, III, Kansas City, Mo., argued for appellant.

Frank A. Jung, Jefferson City, Mo., argued (William L. Webster, Atty. Gen., on brief), for appellee.

Before BOWMAN, Circuit Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

ROSS, Senior Circuit Judge.

Joseph F. Kennedy appeals the district court's [1] denial of his petition for a writ of habeas corpus. Kennedy asserts five grounds in arguing that his constitutional rights to due process and equal protection were violated at trial: (1) that the state trial court failed to instruct the jury on first degree murder as a lesser included offense to capital murder; (2) that the state prosecutor knowingly used false testimony from key witness Ralph West; (3) that the trial court failed to give a modified version of the Missouri-approved intoxication defense instruction (MAI–CR2d 1.30.1); (4) that Kennedy received ineffective assistance of counsel at trial and on direct appeal; and (5) that the trial court erred in using the Missouri-approved capital murder instruction (MAI–CR2d 15.02). Kennedy also asserts that his due process rights were violated by the state's failure to prosecute West for first degree robbery consistent with his plea agreement. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In July of 1984, Kennedy was tried and convicted of capital murder for the 1983 shooting death of Charles Amussen in Pulaski County, Missouri. The evidence established that on the morning of November 25, 1983, after drinking brandy and beer, Kennedy met Ralph West at a bar. West testified that while at the bar, Kennedy said that "he was about ready to blow some shit away." Later that day, Kennedy and West drove to the trailer of Charles and Anna Amussen. When Amussen answered the door, Kennedy pulled a gun on him and told West to search the trailer for guns. Before leaving the trailer, Kennedy fatally shot Mr. Amussen and wounded Mrs. Amussen. Both Mrs. Amussen and West identified Kennedy as the assailant.

At trial, one theory of Kennedy's defense was that he suffered an alcoholic "black out" on the day of the assault and that he had no memory of the events which occurred between 10:00 a.m. and 6:00 p.m. that day. At the end of trial, Kennedy proffered two intoxication defense instructions, one of which was a Missouri-approved instruction and the other which was not. The trial court gave the Missouri-approved instruction, but refused to give the other instruction to the jury. Kennedy also requested that the court give an instruction on first degree murder as a lesser included offense of capital murder. The trial court denied the request, but instructed the jury on the lesser included offenses of second degree murder and manslaughter. Kennedy was convicted of capital murder and was sentenced to life imprisonment without possibility of parole or probation for a period of fifty years.

Kennedy's conviction was affirmed on direct appeal. *State v. Kennedy*, 726 S.W.2d 884 (Mo.App.1987). His Rule 27.26 motion for post-conviction relief was also denied, and later affirmed on appeal. *Kennedy v. State*, 771 S.W.2d 852 (Mo.App. 1989). Kennedy's petitions for writ of habeas corpus in the Circuit Court of Washington County, Missouri, and in the Missouri Court of Appeals, Eastern District, were denied on October 27, 1989, and November 22, 1989, respectively. His motion to recall the mandate in the Missouri Court

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

of Appeals, Southern District, was summarily denied on January 26, 1990.

Kennedy filed this petition for writ of habeas corpus in federal district court, asserting fourteen claims for relief. The respondent argued that Kennedy was procedurally barred from presenting these claims under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Without addressing any of the procedural bar issues, the district court proceeded to determine that all fourteen claims were without merit, and denied the petition for writ of habeas corpus. *Kennedy v. Delo*, No. 90–3354–CV–S–4, slip op. at 8 (W.D.Mo. Dec. 12, 1990). Kennedy now appeals.

## PROCEDURAL DEFAULT

Although the district court did not address appellee's claims of procedural bar, we feel it is necessary that we do so at this time.

■ It is well established that, under the principles of comity, "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 2554–55, 115 L.Ed.2d 640 (1991). A petitioner must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims. *See Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir.1991). Failure to do so will result in default of his federal claims in state court, and " 'federal habeas review of the claims is barred unless [he] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.' " *Id.* (quoting *Coleman v. Thompson, supra*, 111 S.Ct. at 2565).

### A. *First Degree Murder Instruction*

■ We begin with Kennedy's claim that the trial court erred in failing to instruct the jury that first degree murder is a lesser included offense of capital murder. Kennedy concedes that this claim was not raised on direct appeal, but argues that the claim is not procedurally barred because the issue was raised in his motion to recall the mandate of the Missouri Court of Appeals. Kennedy relies on *State v. Thompson*, 659 S.W.2d 766 (Mo.1983) (en banc), stating that the Missouri Supreme Court has recognized that, "a mandate may be recalled in order to remedy a deprivation of the federal constitutional rights of a criminal defendant." *Id.* at 769. He also relies on *Walton v. Caspari*, 916 F.2d 1352, 1357 (8th Cir.1990), asserting that in that case this court permitted habeas review of a constitutional claim raised for the first time in a motion to recall the mandate.

In *Walton v. Caspari, supra*, this court did not, as Kennedy asserts, recognize that a motion to recall a mandate is sufficient to satisfy the exhaustion of state remedies requirement; in fact, we specifically refrained from deciding whether a motion to recall the mandate was the proper procedural vehicle to raise a federal constitutional claim in state court. *Id.* at 1357 n. 6. In that case, this court merely affirmed the district court's conclusion that there was no procedural bar, because the Missouri Court of Appeals had actually considered and rejected the petitioner's unexpressed equal protection claim while considering another constitutional issue on direct appeal. *Id.* at 1356–57. Thus, Kennedy's reliance on *Walton* is misplaced.

We reach the same conclusion with regard to Kennedy's reliance on *State v. Thompson, supra.* As we have previously observed,

the Missouri Supreme Court [in *Thompson* ] did not approve the use of motions to recall the mandate as a vehicle for presenting the merits of all constitutional claims not raised on direct appeal. Rather, *Thompson* reiterates the long-recognized and limited uses of that remedy, for example, where the appellate court has the unique knowledge necessary to dispose of a claim of ineffective assistance of appellate counsel, or where a

conflict exists between a decision of a Missouri appellate court and the United States Supreme Court.

*Williams v. Wyrick*, 763 F.2d 363, 365 (8th Cir.1985) (per curiam). Although the Missouri Supreme Court has recognized that there are limited circumstances in which the state appellate court may review claims raised for the first time in a motion to recall the mandate, *State v. Thompson*, supra, 659 S.W.2d at 768–69, Kennedy has failed to convince us that the claim presented here is one of the exceptional cases which the Missouri Court of Appeals would have considered outside of the usual procedure for post-conviction review. Therefore, we conclude that Kennedy failed to exhaust his available state remedies with respect to this claim.

■ Alternatively, Kennedy argues that his failure to present his claim to the state court in a timely and procedurally correct manner should be excused for cause, because his attorney did not "reasonably know" of this claim at the time of his appeal.[2] *Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984) ("where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures.") Specifically, he asserts (1) that the factual basis for his claim, i.e., that the Missouri courts had unconstitutionally applied the law relative to lesser included offenses, was not discoverable until sometime after April 26, 1983, *see Blair v. Armontrout*, 916 F.2d 1310, 1325 (8th Cir.1990), cert. denied, — U.S. ——, 112 S.Ct. 89, 116 L.Ed.2d 62 (1991), (2) that the procedural default in

this case, if any, would have occurred after Kennedy's July 1984 trial, and (3) that the developing law in Missouri with respect to lesser included offenses of capital murder was not reasonably available to counsel before the default. We disagree.

We find Kennedy's entire argument for cause to be without merit. Kennedy's trial was clearly governed by *State v. Baker*, 636 S.W.2d 902, 904–05 (Mo.1982) (en banc), cert. denied, 459 U.S. 1183, 103 S.Ct. 834, 74 L.Ed.2d 1027 (1983), which laid down a new rule of law that first degree murder or felony murder was not a lesser included offense of capital murder. Although the Missouri Supreme Court continued to grapple with issues relating to the retroactive and prospective application of *Baker*,[3] the new rule of law did not change thereafter and the trial court was obliged to deny Kennedy's requested instruction. Kennedy's assertion that his attorney did not reasonably know "that the Missouri courts had unconstitutionally applied the law relative to lesser included offenses" is, in our view, irrelevant to the issue of cause. Simply said, the holding of *Baker* controlled this case. Therefore, we conclude that Kennedy's habeas claim, as it relates to the trial court's denial of his request for a first degree murder instruction, should have been dismissed for procedural default.

### B. *Use of Perjured Testimony and Failure to Prosecute*

■ Next, we consider Kennedy's claim that his right to due process was violated by the state prosecutor's (1) use of false testimony from Ralph West and (2) failure to prosecute Ralph West for first degree robbery. At trial, West testified that he

---

2. On the merits, Kennedy argues that the trial court's refusal to give a first degree murder instruction as a lesser included offense of capital murder violated his rights to due process and equal protection, because the Missouri Supreme Court inconsistently applied the law relating to first degree murder as a lesser included offense of capital murder or felony murder between 1979 and 1984.

3. *See State v. Blair*, 638 S.W.2d 739, 746–47 (Mo.1982) (en banc) (applying *Baker* retroactively), cert. denied, 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1030 (1983); *State v. Woods*, 639

S.W.2d 818, 819 (Mo.1982) (applying *Baker* retroactively); *State v. Betts*, 646 S.W.2d 94, 96 (Mo.1983) (en banc) (applying *Baker* retroactively); *State v. Goddard*, 649 S.W.2d 882, 889 (Mo.) (en banc) (applying *Baker* prospectively), cert. denied, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983); *State v. Williams*, 652 S.W.2d 102, 117–18 (Mo.1983) (en banc) (applying *Baker* retroactively) (Welliver, J., dissenting); *State v. Holland*, 653 S.W.2d 670, 673–74 (Mo.1983) (en banc) (applying *Baker* prospectively).

had reached an agreement with the prosecutor to plead guilty to first degree robbery. Because West apparently has never been prosecuted on that charge, Kennedy speculates that West's testimony as to his plea agreement must have been false and that the state may have entered into a secret agreement with West not to prosecute him in exchange for his testimony against Kennedy.

We find that Kennedy is procedurally barred from presenting these claims for habeas review, because he raises them here for the first time on appeal and he offers no cause or prejudice for his failure to present them to the state court in a timely and procedurally correct manner. As we have already stated above, such default bars federal habeas review. *Coleman v. Thompson, supra,* 111 S.Ct. at 2554–55. Therefore, these claims should have been dismissed for procedural default.

## C. *Ineffective Assistance of Counsel*

▮ Next, we consider Kennedy's claim that he was denied effective assistance of counsel at trial because his counsel failed to investigate the crime scene and to fully investigate the facts and witnesses. Although Kennedy raised this claim on direct appeal, *Kennedy v. State, supra,* 771 S.W.2d at 858, he failed to raise the issue to the district court in his habeas petition.

We have previously recognized that raising a habeas claim for the first time on appeal "constitutes an abuse of the writ, see R. 9(b) of the Rules Governing Section 2254 Cases, unless [the petitioner] can show a good enough reason why th[e] issue was not presented before." *Simmons v. Lockhart,* 856 F.2d 1144, 1146 (8th Cir. 1988) (citing *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963)). Here, Kennedy has failed to offer any explanation for his failure to include the issue of ineffective assistance of counsel in his petition for writ of habeas corpus. We therefore conclude that the issue is not properly before us and that Kennedy has waived consideration of the issue.

## D. *Use of Missouri–Approved Instruction, MAI–CR2d 15.02*

▮ Next, we consider Kennedy's claim that the trial court's use of the Missouri-approved capital murder instruction (MAI–CR2d 15.02) violated his rights under the fifth, sixth and fourteenth amendments and his rights to due process and equal protection. We find that appellee's assertion that Kennedy has procedurally defaulted this claim is without merit. It is clear that the Missouri Court of Appeals gave the issue at least cursory consideration on Kennedy's appeal of the denial of his motion for relief under Rule 27.26. *See Kennedy v. State, supra,* 771 S.W.2d at 855. Furthermore, it is evident that the district court considered the merits of the claim. *See Kennedy v. Delo, supra,* No. 90–3354–CV–S–4, slip op. at 8. Therefore, we find no procedural default with regard to this claim and proceed to consider the merits of the issue.

## MISSOURI–APPROVED CAPITAL MURDER INSTRUCTION

▮ Kennedy asserts that the trial court's use of the Missouri-approved capital murder instruction (MAI–CR2d 15.02) violated his constitutional rights because the instruction used generic terms which did not properly inform the jury of the required mental state for the offense of capital murder. He argues that the trial court's failure to incorporate the specific mental state descriptions set forth in the statute, Mo.Ann.Stat. § 565.001 (Vernon 1979), relieved the state of its burden of proving the essential elements of capital murder.

Under Mo.Ann.Stat. § 565.001, capital murder is defined as, "Any person who unlawfully, willfully, knowingly, deliberately, and with premeditation kills or causes the killing of another human being is guilty of the offense of capital murder." The trial court instructed the jury on capital murder according to MAI–CR2d 15.02, as follows:

If you find and believe from the evidence beyond a reasonable doubt:

**118**

First, that on or about November 25, 1983, in the County of Pulaski, State of Missouri, the defendant caused the death of Charles Smith Amussen by shooting him, and

Second, that the defendant intended to take the life of Charles Smith Amussen, and

Third, that the defendant knew that he was practically certain to cause the death of Charles Smith Amussen, and

Fourth, that the defendant considered taking the life of Charles Smith Amussen and reflected upon this matter coolly and fully before doing so, and

Fifth, that the defendant is not entitled to an acquittal of the charge of Capital Murder of Charles Smith Amussen, as submitted in Instruction No. 13, [and]

Sixth, that the defendant is not entitled to an acquittal of the charge of Capital Murder of Charles Smith Amussen as submitted in Instruction No. 15,

then you will find the defendant guilty of capital murder, unless you find and believe from the greater weight of the evidence that the defendant is not guilty by reason of a mental disease or defect excluding responsibility as submitted in Instruction No. 10.

Kennedy argues that the trial court was required to instruct the jury using the specific words of the statute, i.e., "unlawfully, willfully, knowingly, deliberately, and with premeditation."

It is well established in this circuit that, "federal habeas corpus relief from a state conviction is not available because of improper jury instructions unless the error constitutes a fundamental defect that resulted in a complete miscarriage of justice or so infected the entire trial as to deprive the defendant of a fair trial." *Berrisford v. Wood*, 826 F.2d 747, 752 (8th Cir.1987), *cert. denied*, 484 U.S. 1016, 108 S.Ct. 722,

98 L.Ed.2d 671 (1988). *See also Harrison v. Dahm*, 880 F.2d 999, 1002 (8th Cir.1989) ("nothing short of a complete miscarriage of justice justifies federal habeas relief based on erroneous instructions"). Having carefully considered Kennedy's argument, we discern no miscarriage of justice or any deprivation of fair trial. Although the trial court's instruction did not use the specific language of the statute, we agree with the district court that the instruction sufficiently apprised the jury of every element of intent required by the statute. Therefore, we do not believe that the trial court's use of the Missouri-approved capital murder instruction, MAI–CR2d 15.02, resulted in a complete miscarriage of justice.

INTOXICATION INSTRUCTION

■ Lastly, we consider Kennedy's assertion that the trial court's refusal to give one of his proposed intoxication defense instructions violated his right to due process. At trial, Kennedy proffered two intoxication defense instructions to be given to the jury with respect to the charge of capital murder. One of the instructions, MAI–CR2d 3.30.1, provided that an intoxicated condition was a defense if it prevented the defendant from acting "knowingly;"[4] the other instruction was a modified version of MAI–CR2d 3.30.1, which substituted the term "knowingly" with "intentionally." The trial court gave the Missouri-approved instruction which used the term "knowingly," but rejected the other instruction.

Kennedy now argues, as he did in his Rule 27.26 motion for post-conviction relief, that he was entitled to have *both* intoxication defense instructions given to the jury, because the offense of capital murder requires the culpable mental states of "knowingly" and "intentionally." On appeal from the denial of post-conviction relief, the Missouri Court of Appeals rejected Kennedy's claim, stating,

> in determining whether the defendant acted knowingly as required in instruction no. 5. If you have a reasonable doubt that the defendant acted knowingly, as required by instruction no. 5, you must find the defendant not guilty of that offense submitted in that instruction.

**4.** The MAI–CR2d 3.30.1 instruction read as follows:

> An intoxicated condition will not relieve a person of criminal responsibility unless his intoxicated condition prevented him from acting knowingly.
> Evidence that the defendant was in an intoxicated condition may be considered by you

Instruction [22–A] was an unauthorized modification of MAI–CR2d 3.30.1 which substituted the word "intentionally" for the word "knowingly." The approved instruction on intoxication was given by the trial court. Rule 28.02(c) provides that "[w]henever there is an MAI–CR instruction or verdict form applicable under the law to the facts, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other on the same subject." Rule 28.02 [Missouri Rules of Court (15th ed. 1984)]. This court is not at liberty to disregard that rule. Also, the instruction on intoxication as a defense tracks the language of the statute on the subject. Intoxication is a defense under the statute when such condition "[n]egatives the existence of the mental states of purpose or knowledge when such mental states are elements of the offense." § 562.-076.1(1). The giving of movant's Instruction [22–A] by the trial court would have, in effect, permitted movant to advance a defense not recognized by the statute.

*Kennedy v. State, supra,* 771 S.W.2d at 856.

We agree with the district court that the Missouri Court of Appeals fully and fairly considered this claim and that the claim has no merit. As the Court of Appeals noted, the intoxication instruction tracks the language of the statute on the subject. Furthermore, the Missouri Supreme Court has previously recognized that the words "intended," "willfully," and "knowingly" may be used synonymously in this context. *See State v. Mannon,* 637 S.W.2d 674, 678 (Mo. 1982) (en banc); *State v. Marston,* 479 S.W.2d 481, 484 (Mo.1972). Therefore, we discern no miscarriage of justice or deprivation of fair trial as a result of the trial court's refusal to give the jury Kennedy's proposed modified instruction.

Accordingly, we affirm the district court's denial of Kennedy's petition for writ of habeas corpus.