7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Larry BATTISTE, Appellant,
v.
Bill ARMONTROUT; William L. Webster; Jackson County
Circuit Court; John L. Vohs, Public Defender, Appellees.
 No. 92-3607WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1993.
Filed: October 14, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Missouri inmate Larry Battiste pleaded guilty in state court to two counts of robbery. Shortly after the plea hearing, Battiste's attorney moved to withdraw as counsel and Battiste filed a pro se motion to withdraw his guilty plea. At the sentencing hearing, the court denied the attorney's motion to withdraw as counsel, and Battiste and his attorney quarreled. The court also denied Battiste's motion to withdraw his guilty plea. Battiste's attorney remained silent for the rest of the sentencing hearing, in which the prosecutor recommended that Battiste receive two consecutive life sentences. Battiste interrupted, calling the prosecutor's statements lies. The court asked Battiste for reasons why the sentence should not be imposed and Battiste responded, "Yes, sir. Inefficient counsel." The court imposed two consecutive life sentences. There was no direct appeal. Following exhaustion of Battiste's state court postconviction remedies, see Battiste v. State, 772 S.W.2d 5 (Mo. Ct. App. 1989) (per curiam), Battiste filed this habeas action in federal court and the district court denied Battiste's petition. On appeal, Battiste contends he has not procedurally defaulted his claim that his guilty plea was unknowing and involuntary because counsel did not advise him of his diminished capacity and involuntary intoxication defenses. For the first time, Battiste also contends he was denied his right to effective representation by conflict-free counsel at his sentencing hearing in violation of the Fifth, Sixth, and Fourteenth Amendments. Concluding Battiste's claims are procedurally barred, we affirm.
 
 
 2
 Unless a habeas petitioner shows cause and prejudice or a fundamental miscarriage of justice, a court may not reach the merits of procedurally defaulted claims or new claims that abuse the writ. Sawyer v. Whitley, 112 S. Ct. 2514, 2518 (1992). Initially, we agree with the district court that Battiste's unknowing and involuntary guilty plea claim was procedurally defaulted when Battiste failed to brief the issue in his state court appeal to denial of postconviction relief. Stokes v. Armontrout, 851 F.2d 1085, 1092 (8th Cir. 1988), cert. denied, 488 U.S. 1019 (1989). As for Battiste's new conflict of counsel claim, Battiste has not shown the cause for failing to raise the claim in state court was "something external to [Battiste], something that cannot fairly be attributed to him." Coleman v. Thompson, 111 S. Ct. 2546, 2566 (1991). Although Battiste asserts his failure to raise this claim earlier was caused by the State's failure to provide him with his sentencing transcript, Battiste was present at the sentencing hearing and thus did not need the transcript to bring his claim. See Bell v. Lockhart, No. 92-3782, 1993 WL 311758 at * 6 (8th Cir. Aug. 19, 1993) (because unavailability of trial records did not prevent petitioner from presenting claim, district court committed error in finding absence of transcript constituted sufficient cause). Raising the conflict of counsel claim for the first time on appeal is also an abuse of the writ. Kennedy v. Delo, 959 F.2d 112, 117 (8th Cir.), cert. denied, 113 S. Ct. 168 (1992). Finally, Battiste does not claim actual innocence resulting in a fundamental miscarriage of justice. See Sawyer, 112 S. Ct. at 2518-19.
 
 
 3
 Accordingly, we affirm.