12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Arizona HALL, Appellant,
v.
Dick MOORE, Appellee.
 No. 93-2101.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 13, 1993.
Filed: December 23, 1993.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Arizona Hall entered Alford pleas in state court to assault and armed criminal action, he filed a timely pro se motion for postconviction relief in state court asserting ineffective assistance of counsel at his plea proceeding. Hall later withdrew his motion. Following unsuccessful attempts to reinstate the motion and to file a second, untimely postconviction relief motion, Hall filed this federal habeas petition under 28 U.S.C. Sec. 2254 asserting his attorney at the plea proceeding was ineffective. The district court concluded the claim was procedurally defaulted because Hall did not present the claim to the state courts in a procedurally proper manner and he now has no available state remedy. The district court also concluded Hall failed to show cause excusing the procedural default or actual prejudice. Hall appeals, and we affirm.
 
 
 2
 When a petitioner has defaulted on federal claims in state court under a state procedural rule, federal habeas review of the claims is barred unless the petitioner shows both cause for noncompliance with the state's rule and actual prejudice from the alleged violation of federal law. Jennings v. Purkett, 7 F.3d 779, (8th Cir. 1993); Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991). To establish cause, a petitioner must show some objective factor that cannot fairly be attributed to the petitioner impeded efforts to comply with the state's procedural rule. Coleman, 111 S. Ct. at 2566. Under this standard, interference by officials making compliance impracticable constitutes cause. Id.
 
 
 3
 Hall asserts he failed to raise the claim in state court because his plea proceeding attorney coerced him into withdrawing the timely motion for postconviction relief. Hall asserts the coercion is cause excusing his procedural default. Because the attorney was not representing Hall when Hall filed his motion for postconviction relief, we are not presented with a question of ineffective assistance of postconviction counsel or a possible related conflict of interest.
 
 
 4
 We agree with the district court that Hall has not shown any objective factor external to him prevented compliance with the state's procedural rule on postconviction relief motions. Indeed, Hall initially complied with the rule, and then withdrew his timely motion, without indicating the reason for his withdrawal. Hall asserts the attorney's coercion was "interference by [an] official[ ]" because the attorney is a member of the Missouri bar, which is regulated by the Missouri Supreme Court. We disagree. In our view, Hall's plea proceeding attorney, who was not acting as Hall's court-appointed postconviction attorney, is not a governmental or judicial official whose actions can fairly be imputed to the State. Finally, Hall does not assert our failure to hear his claim would constitute a fundamental miscarriage of justice within the meaning of that narrow exception to the cause-and-prejudice standard. See Jennings, 7 F.3d at; Sawyer v. Whitley, 112 S. Ct. 2514, 2518-19 (1992).
 
 
 5
 Hall failed to raise his claim about conditional release in the district court. Thus, it abuses the writ, and we will not consider it. See Kennedy v. Delo, 959 F.2d 112, 117 (8th Cir.), cert. denied, 113 S. Ct. 168 (1992).
 
 
 6
 We affirm the district court's denial of Hall's habeas petition.