# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2578

_____

Donald Wiegers,

          Appellant,

v.

Douglas Weber, Warden, SD
Penitentiary; Mark W. Barnett,

          Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the District
\*   of South Dakota.
\*
\*       [UNPUBLISHED]
\*
\*

_____

Submitted: March 12, 2002

Filed: March 19, 2002

_____

Before BYE, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Donald Wiegers brokered a murder-for-hire, located an assassin for the contracting party, and provided the would-be-assassin with a picture of the intended victim, a sawed-off shotgun, and the suggestion of faking a wrecker call to lure the victim, a provider of towing services, to a remote location. The hired killer balked twice after successfully luring the victim with fake wrecker calls. When the contracting party complained that the service had not yet been performed and demanded his money back, Wiegers refunded the money. Wiegers then contacted a second assassin, negotiated a new fee arrangement, provided the second assassin

with a gun, and suggested the wrecker call ruse. The second assassin completed the job, luring the victim to a new location, shooting him in the head, and stabbing him eight times. Wiegers delivered the final payment. Ultimately, Wiegers was convicted of two counts of conspiracy to commit premeditated murder, and one count of second-degree manslaughter (a lesser-included offense of the premeditated murder charge), and received two life sentences and a ten-year term of imprisonment, respectively.

The South Dakota Supreme Court affirmed Wiegers's conviction for the first conspiracy count, involving the reluctant would-be-assassin, but reversed Wiegers's convictions for the second conspiracy count involving the actual assassin and the manslaughter count because prosecutor's misconduct might have influenced a defense witness involved in the second murder-for-hire arrangement to refuse to testify. See State v. Wiegers, 373 N.W.2d 1, 10-11 (S.D. 1985). The convictions for the reversed counts were vacated by stipulation of the parties. Wiegers challenged the remaining conviction through a writ of habeas corpus in state court claiming, among other things, that he was wrongfully prosecuted for two conspiracies, when only one conspiracy existed. Wiegers described a double jeopardy claim, but did not refer to the Double Jeopardy Clause. Wiegers's petition was denied without a specific ruling on the double jeopardy claim. Wiegers's appeal to the South Dakota Supreme Court was dismissed as untimely. Wiegers then petitioned the state trial court for a writ of error coram nobis, raising the double jeopardy claim with correct reference to the Constitution. Because the trial court found no factual or legal error, the court denied coram nobis relief. The South Dakota Supreme Court affirmed this order. Next, Wiegers petitioned the district court[*] for habeas relief. The district court denied Wiegers's petition, concluding his double jeopardy claim was procedurally defaulted, and he had not shown cause and prejudice, or that he is actually innocent of the crime

---

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

to excuse his default. Alternatively, the district court concluded that the double jeopardy claim was frivolous, and failed on the merits. The district court granted Wiegers a certificate of appealability, and he now appeals. Having reviewed the district court's findings of fact for clear error and conclusions of law de novo, we affirm. Randolph v. Kemna, 276 F.3d 401, 403 (8th Cir. 2002).

Like the district court, we conclude Wiegers's double jeopardy claim is procedurally defaulted. When Wiegers failed timely to appeal the denial of his state habeas petition, he failed to give South Dakota "'one full opportunity to resolve any constitutional issue by invoking one complete round of [South Dakota's] established appellate review process.'" Id. (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)); see also Murray v. Groose, 106 F.3d 812, 814 (8th Cir. 1997) (failure to raise claim on appeal results in procedural default). Wiegers contends that because he raised the double jeopardy claim in his petition for writ of error coram nobis, and appealed the denial of the petition, he afforded the South Dakota Supreme Court the opportunity to consider the merits of his double jeopardy claim. We disagree.

South Dakota has had no opportunity to decide the double jeopardy claim on the merits because Wiegers failed to present the claim to the state court in a timely or procedurally correct manner. Harris v. Lockhart, 948 F.2d 450, 452 (8th Cir. 1991). Under South Dakota law, a petition for writ of error coram nobis is not an alternative to direct appeal or habeas action. Edwards v. State, 633 N.W.2d 623, 625 (S.D. 2001). Instead, the writ of error coram nobis is limited in scope to factual errors, with the exception that the writ can reach certain constitutionally significant errors like jurisdictional defects. Id. Coram nobis relief is not available for "ordinary error[s] in law." Id. Contrary to Wiegers's contention, the state court did not decide the merits of whether the double jeopardy claim warranted postconviction relief. In denying the coram nobis petition, the state court decided only that there was no factual or fundamental jurisdictional error, unknown at the time of the questioned proceedings, for which no other remedy is available, that now causes failure to grant

the writ to result in profound injustice. Gregory v. Class, 584 N.W.2d 873, 878-79 (S.D. 1998); see also Harris, 948 F.2d at 452 (reaching a similar conclusion under Arkansas law in a procedurally similar case).

Wiegers's procedural default is not excused and we need not consider the merits of his claim because Wiegers has failed to show cause and actual prejudice, or that failure to review the merits of his claim would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Indeed, Wiegers claims he does not need to show cause for his default and he has not argued that he is actually innocent or that a fundamental miscarriage of justice will result from our failure to review his claim.

Anyway, even if Wiegers's double jeopardy claim was not defaulted, it fails on the merits for two reasons. United States v. Abboud, 273 F.3d 763, 766 (8th Cir. 2001) (because the Double Jeopardy Clause prohibits multiple sentences for the same offense, the government cannot divide a single criminal conspiracy into multiple conspiracy convictions). First, since the vacatur, Wiegers has been subjected to only one conviction and one punishment. See id. Second, we agree with the district court's conclusion that there were two conspiracies. Although the underlying offense, the intended victim, and several of the conspirators remained the same, overall, the conspiracies occurred at different times and at different locations, involved different people, most notably different assassins, and involved different fee arrangements. See United States v. Aguilera, 179 F.3d 604, 607 (8th Cir. 1999).

We affirm the district court's denial of habeas relief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-