# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 00-2725

_____

Charles Q. Moore,

        Appellant,

v.

Al Luebbers, Superintendent,

        Appellee.

\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*
\*        [PUBLISHED]
\*

_____

Submitted: April 13, 2001
Filed: August 20, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN and MURPHY, Circuit Judges.

_____

HANSEN, Circuit Judge.

Charles Moore appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We reverse and remand for further proceedings.

A Missouri state court jury convicted Moore of two counts of first degree murder and two counts of armed criminal action. The state trial court sentenced Moore to two concurrent life sentences for the murder convictions and two concurrent life sentences for the armed criminal action convictions. Moore appealed to the Missouri Court of Appeals, which affirmed his convictions and sentences. State v. Moore, 949 S.W.2d

629 (Mo. Ct. App. 1997). Moore did not seek to transfer his case for discretionary review by the Supreme Court of Missouri. The state trial court then denied his motion for postconviction relief, and the Missouri Court of Appeals affirmed the trial court's judgment. Again, Moore did not file a motion to transfer seeking discretionary review by the Supreme Court of Missouri. Instead, he filed a pro se petition for a writ of habeas corpus in federal court, alleging a claim of ineffective assistance of counsel. See 28 U.S.C. § 2254.

Subsequent to Moore's filing of his federal habeas petition, the Supreme Court of the United States decided that the exhaustion doctrine requires a state prisoner to file for any available discretionary review in the state's highest court prior to filing for federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 847-48 (1999). Relying on O'Sullivan, the district court dismissed Moore's habeas corpus petition with prejudice, concluding that his failure to seek discretionary review by the Supreme Court of Missouri amounted to a procedural default because the time for seeking such review had passed. The district court also concluded that Moore had failed to allege grounds sufficient to constitute cause and prejudice or actual innocence to overcome the default.

The district court granted a certificate of appealability on the question of whether the holding of the Supreme Court's O'Sullivan opinion should apply to bar review of Moore's claim for habeas relief. We have considered Moore's arguments and conclude that his case is controlled by Dixon v. Dormire, Nos. 00-1215/00-1907/00-2047 (8th Cir. 2001), filed simultaneously with this decision. In Dixon, we concluded that the O'Sullivan opinion requires Missouri prisoners to seek a discretionary transfer to the Supreme Court of Missouri. Nevertheless, we did not allow the State to assert an exhaustion or procedural default defense in that case because, although the prisoners had failed to exhaust discretionary review, they had bypassed this available remedy before O'Sullivan was filed and in reliance on the State's prior and consistent position that such a transfer was not necessary to exhaustion and would not be asserted as a

2

defense against claims brought in federal court.  Id.  Our reasoning was based on Ford v. Georgia, 498 U.S. 411, 423-24 (1991), where the Court stated that only a "firmly established and regularly followed state practice" will bar federal court review.  There was no firmly established state practice in Missouri of insisting on the exhaustion of discretionary review; to the contrary, the State had consistently asserted that the exhaustion of discretionary review was unnecessary.

For the reasons stated in our Dixon opinion, we hold that O'Sullivan v. Boerckel does not prevent the district court from considering Moore's habeas petition in this instance because the State has not previously "strictly or regularly" relied on the default of this state procedure to bar federal review.  See Ford, 498 U.S. at 424.  Accordingly, we reverse and remand to the district court for consideration of the merits of Moore's claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3