# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4103

_____

Calvin Coleman,                 *
                                *
            Appellant,       *
                                *      Appeal from the United States
    v.                        *      District Court for the
                                *      Eastern District of Missouri.
Mike Kemna,              *
                                *             [PUBLISHED]
            Appellee.        *

_____

Submitted: April 9, 2001
Filed: August 20, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN and MURPHY, Circuit Judges.

_____

HANSEN, Circuit Judge.

      Calvin Coleman appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We reverse and remand for further proceedings.

      A Missouri state court jury convicted Coleman on August 3, 1995, of second degree murder, first degree assault, and two counts of armed criminal action. The state trial court sentenced him to two concurrent terms of life imprisonment, a concurrent term of 25 years of imprisonment, and a consecutive term of 25 years of imprisonment. The state trial court subsequently denied Coleman's motion for postconviction relief.

Coleman sought review of his convictions and the denial of his motion for postconviction relief in a consolidated appeal to the Missouri Court of Appeals. The Missouri Court of Appeals affirmed the judgments of the state trial court. State v. Coleman, 967 S.W.2d 314 (Mo. Ct. App. 1998). Coleman did not file a motion to transfer seeking discretionary review by the Supreme Court of Missouri. Instead, he filed a petition in federal court, seeking habeas corpus relief. See 28 U.S.C. § 2254.

Subsequent to the filing of Coleman's federal habeas petition, the Supreme Court of the United States decided that the exhaustion doctrine requires a state prisoner to file for any available discretionary review in the state's highest court prior to filing for federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 847-48 (1999). Relying on O'Sullivan, the district court dismissed Coleman's habeas corpus petition with prejudice, concluding that his failure to seek discretionary review by the Supreme Court of Missouri amounted to a procedural default because the time for seeking such review had passed. The district court also concluded that Coleman had failed to allege grounds sufficient to constitute cause and prejudice or actual innocence to overcome the default. Coleman appeals.

We granted a certificate of appealability on the question of whether Coleman has procedurally defaulted his habeas claims in light of the Supreme Court's O'Sullivan opinion. We have considered Coleman's arguments and conclude that his case is controlled by Dixon v. Dormire, Nos. 00-1215/00-1907/00-2047 (8th Cir. 2001), filed simultaneously with this decision. In Dixon, we held that the O'Sullivan opinion requires Missouri prisoners to seek a discretionary transfer to the Supreme Court of Missouri. Nevertheless, we did not allow the State to assert an exhaustion or procedural default defense in that case because, although the prisoners had failed to exhaust discretionary review, they had bypassed this available remedy before O'Sullivan was filed and in reliance on the State's prior and consistent position that such a transfer was not necessary to exhaustion and would not be asserted as a defense

2

against claims brought in federal court.  Id.  Our reasoning was based on Ford v. Georgia, 498 U.S. 411, 423-24 (1991), where the Court stated that only a "firmly established and regularly followed state practice" will bar federal court review.  There was no firmly established state practice in Missouri of insisting on the exhaustion of discretionary review; to the contrary, the State had consistently asserted that the exhaustion of discretionary review was unnecessary.

For the reasons stated in our Dixon opinion, we hold that O'Sullivan v. Boerckel does not prevent the district court from considering Coleman's habeas petition in this instance because the State has not previously "strictly or regularly" relied on the default of this state procedure to bar federal review.  See Ford, 498 U.S. at 424.  Accordingly, we reverse and remand this case to the district court for consideration of the merits of Coleman's claims.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.