# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1056

_____

| | | |
|---|---|---|
| Eddie Randolph, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Michael L. Kemna, Superintendent; | * | |
| Jeremiah (Jay) Nixon, Attorney General, | * | |
| State of Missouri, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 15, 2001

Filed: January 9, 2002

_____

Before WOLLMAN, Chief Judge, JOHN R. GIBSON, and FAGG, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Eddie Randolph appeals the district court's order denying his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The district court found that all the claims presented for review in this appeal were procedurally defaulted. We reverse and remand with instructions that the district court consider those claims on the merits.

# I.

Randolph was convicted in 1995 in Missouri state court of second degree manslaughter and armed criminal action. He was sentenced to two consecutive life terms. The Missouri Court of Appeals affirmed his convictions and sentences on July 15, 1997. Following the court of appeals' denial of Randolph's motion for rehearing by or transfer within the court of appeals, Randolph raised one issue in a petition for transfer to the Missouri Supreme Court. The supreme court denied his petition. Randolph then filed a pro se § 2254 petition for a writ of habeas corpus in the United States District Court for the Western District of Missouri. The district court ruled that Randolph had procedurally defaulted any grounds he did not raise in his motion for transfer to the Missouri Supreme Court. The district court considered the remaining argument on the merits and denied Randolph's request for a writ. Randolph requested a rehearing or, in the alternative, a certificate of appealability. The district court refused the motion for rehearing, but granted a certificate of appealability on the sole issue of whether O'Sullivan v. Boerckel, 526 U.S. 838 (1999), required Randolph to exhaust his state remedies by pursuing discretionary review of each of his claims by petitioning for transfer to the Supreme Court of Missouri.[1]

---

[1]The State argues that the certificate of appealability was improvidentially granted. We disagree. Section 2253(c)(2) permits a court to issue a certificate when "the applicant has made a substantial showing of the denial of a constitutional right." To meet what the Ninth Circuit has referred to as this "modest standard," see Charles v. Hickman, 228 F.3d 981, 982 n.1 (9th Cir. 2001), the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n.1 (1983) (citations omitted). We conclude that Randolph has met this standard, and we therefore exercise jurisdiction over his appeal.

## II.

"We review the district court's findings of fact for clear error and its conclusions of law de novo." Thomas v. Bowersox, 208 F.3d 699, 701 (8th Cir. 2000). Whether Randolph's claims were procedurally defaulted by failing to pursue discretionary review is a question of law and thus, we review de novo. Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (citing Juarez v. Minnesota, 217 F.3d 1014, 1016 (8th Cir. 2000)).

In O'Sullivan, the United State Supreme Court clarified the doctrine pertaining to whether a prisoner must pursue discretionary review to exhaust state court remedies before petitioning for habeas review under § 2254. The O'Sullivan Court stated that prisoners must give the state courts "one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." O'Sullivan, 526 U.S. at 845. To give Illinois its "one complete round" the Court found that § 2254 required O'Sullivan to pursue the discretionary review process extant in Illinois.

We evaluated Missouri's appellate review scheme under O'Sullivan in Dixon v. Dormire. See also Moore v. Luebbers, 262 F.3d 757 (8th Cir. 2001); Coleman v. Kemna, 263 F.3d 785 (8th Cir. 2001). In Dixon, we ruled that Missouri's scheme required prisoners to move for transfer to the Missouri Supreme Court in order to exhaust their state remedies. Dixon, 263 F.3d at 780. In ruling for petitioners, however, we found that the petitioners had relied on the State's eight-year practice of not asserting the defense of failure to exhaust. Id. at 782.

The State seeks to distinguish Dixon because the petitioners there did not pursue discretionary review on any of their claims, whereas Randolph did seek discretionary review of one of his claims. Thus, the State argues that Randolph clearly did not rely on the State's practice; rather, he availed himself of it. We

-3-

disagree. We based our decision in <u>Dixon</u> on two interrelated premises. First, "[a] state procedural rule only prevents federal review where it is 'a firmly established and regularly followed state practice.'" <u>Dixon</u>, 263 F.3d at 781 (quoting <u>Ford v. Georgia</u>, 498 U.S. 411, 423-24 (1991)). Second, we found that because the State's regular practice was to not plead failure to exhaust, the <u>Dixon</u> petitioners were lulled into believing that the State "would not assert a failure to seek discretionary review as a defense in federal court." <u>Id.</u> at 782. The State did not follow any different course in Randolph's case. In response to the district court's show cause order, the State stated:

> Some of the grounds have been fairly presented to the Missouri state court for resolution. . . . Petitioner's first[,] . . . second, third and fourth grounds . . . [were] presented . . . on consolidated appeal and they were resolved against petitioner by the Missouri Court of Appeals. These claims are exhausted.[2]

(Resp. to Order to Show Cause at 3.) The State did not then argue that the claims were procedurally defaulted. It treated Randolph's claims exactly as it treated those of prisoners who did not pursue transfer for discretionary review for any of their claims. Furthermore, the State drew no distinction between the claim on which Randolph moved for transfer to the supreme court and those on which he did not. The State will not now be heard to argue that the claims should be treated differently based on the possibility that Randolph only partially relied on past practice of the State.

Even if we did not believe that <u>Dixon</u> controls, the Missouri Supreme Court has recently shed light on its requirements for exhaustion of state remedies. On October 23, 2001, that court issued an order amending Supreme Court Rule 83.04, which

---

[2]Randolph's initial § 2254 petition had additional grounds that he waived. The grounds to which the State referred are those that the district court eventually ruled upon either on the merits or by finding they were procedurally defaulted.

-4-

governs petitions for transfer to the supreme court. That amendment adds the following sentence: "Transfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review."

O'Sullivan held that where a state articulates that a certain avenue is not part of its appellate review process, it is not necessary that prisoners pursue that avenue. See O'Sullivan, 526 U.S. at 847-48. In Dixon, we recognized that "[t]o place a remedy in the realm of the extraordinary . . . there must be a clear indication that the standard process is complete prior to evoking that remedy." Dixon, 263 F.3d at 780. We believe that the amendment to the Rule 83.04 constitutes an unequivocal statement about where Missouri's "one complete round of the state's established appellate review process" stops and makes clear that Missouri does not consider a petitioner who bypasses its supreme court in favor of federal habeas review to have denied the State its rightful "opportunity to resolve federal constitutional claims." O'Sullivan, 526 U.S. at 845.

The State argues that because the amendment to Rule 83.04 has an effective date of July 1, 2002, its invocation does not help Randolph. We disagree. The order recites that "In order to state the existing law in Missouri, the Court notes that transfer of a case from the court of appeals to this Court is an extraordinary remedy that is not part of the standard review process for the purposes of federal habeas corpus review." The order further states that to "reflect this principle" the court would amend the existing rule.

In Dixon, we examined the language of Missouri's party transfer rule in light of O'Sullivan and held that in order to exhaust state remedies, Missouri law required prisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court. In short order the Missouri Supreme Court has made it clear that the law of Missouri is otherwise. In Dixon, we stated that "[n]othing in Missouri law plainly states that a transfer to the Supreme Court of Missouri is an extraordinary

-5-

remedy outside the standard review process." <u>Dixon</u>, 263 F.3d at 779. The Missouri Supreme Court has utilized almost that exact language in affirmatively recognizing what the law of Missouri has been and setting forth what the law of Missouri will continue to be from this point forward. We can ask for no more clear statement than that.

The judgment is reversed, and the case remanded for a hearing on the merits of Randolph's unadjudicated claims.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.