# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-1784

_____

| | | |
|---|---|---|
| Glenn R. Waite, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Richard G. Kopf; David R. Hansen; | * | of Nebraska. |
| Morris Sheppard Arnold; Kermit | * | |
| Bye; Douglas D. DeLair; DeLair & | * | [UNPUBLISHED] |
| DeLair, a Partnership, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:   July 11, 2002

Filed:   July 26, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Glenn R. Waite, proceeding pro se, appeals the district court's[*] decision to dismiss his claims against attorney Douglas D. DeLair, the DeLair partnership, and Judge Richard G. Kopf. These claims are part of Waite's unsuccessful thirteen-year

_____

[*]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

string of lawsuits which began with the medical malpractice claims Waite brought on behalf of his mother's estate after her death in 1989. We review the district court's findings of fact for clear error and its conclusions of law de novo. Randolph v. Kemna, 276 F.3d 401, 403 (8th Cir. 2002).

Waite hired DeLair to represent him in a legal malpractice action against the attorney who brought the original medical malpractice claims. The parties agree that DeLair's last action as Waite's attorney was to notify Waite on April 20, 1998 that Waite had lost that legal malpractice lawsuit. This letter was sent shortly after the thirty-day limit for filing an appeal had passed. Waite then waited more than three years before filing his legal malpractice claim against DeLair. The district court properly concluded Waite's claim against DeLair is barred by the two-year Nebraska statute of limitations. Neb. Rev. Stat. § 25-222 (1995).

Waite now raises two claims relating to Judge Kopf's July 19, 2000 order dismissing his lawsuit against DeLair. First, Waite contends Judge Kopf's decision was not a final order, thus the Eighth Circuit did not have jurisdiction to review that order and the district court committed error when it recently enforced the Eighth Circuit's decision. Judge Kopf's order stated the district court was "enter[ing] summary judgment for [DeLair] and against Waite in his personal capacity, dismissing this case with prejudice for the reasons stated in the court's prior memorandum and order." Waite v. DeLair, No. 4:98CV3303, slip. op. at 1 (D. Neb. July 19, 2000). Judge Kopf's language makes clear that the July 19, 2000 decision was a final order the Eighth Circuit could review. The district court acted properly to enforce the Eighth Circuit's decision in this case.

Second, Waite claims the district court committed error in this diversity action when it granted Judge Kopf's motion to dismiss the claims against him. Because Waite sued Judge Kopf in his official capacity, this lawsuit is against the federal government, which has not expressly waived its sovereign immunity in this

-2-

circumstance.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985); United States v. Mitchell, 445 U.S. 535, 538 (1980).  The district court correctly acknowledged that it lacked subject matter jurisdiction because of the United States's sovereign immunity.  Fed. R. Civ. Proc. 12(b)(1).  Waite also contends Judge Kopf's order was beyond his statutory powers or otherwise constitutionally invalid, but we find no support for these claims.  We agree with the district court that even if Waite had sued Kopf in his individual capacity, Waite has failed to state a claim for which relief could be granted because Judge Kopf is protected by absolute immunity for performing his judicial functions.  Fed. R. Civ. Proc. 12(b)(6).

Finally, we note that Eighth Circuit judges David R. Hansen, Morris Sheppard Arnold, and Kermit E. Bye are improperly designated as parties to this appeal.  When Waite filed his claims in the district court against Judge Kopf, DeLair, and the DeLair partnership, Waite also added the three Eighth Circuit judges who had ruled against him during his first appeal as parties to his present lawsuit.  Because Waite did not include the Eighth Circuit judges as parties to his amended complaint, however, the district court did not rule on any issues directly involving the named Eighth Circuit judges.  Waite does not name or bring any claims against the Eighth Circuit judges in his filings as part of this appeal.

The district court has carefully reviewed all of Waite's pleadings and we agree with its conclusion that this action is no more than an impermissible attempt to attack collaterally the resolution of Waite's claims against DeLair.  Although we do not choose to levy financial sanctions against Waite today, Waite is advised that if he continues to file frivolous lawsuits, this court or others may do so.  For the reasons stated above, we affirm the judgment of the district court.  See 8th Cir. R. 47B.

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.