# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1668

_____

| | | |
|---|---|---|
| Kenneth Thomas Trimble, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Larry Norris, Director, Arkansas | * | [UNPUBLISHED] |
| Department of Correction, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 10, 2002

Filed: October 7, 2002

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Kenneth Thomas Trimble was convicted of capital murder and sentenced to life in prison without the possibility of parole. Trimble asks this court to grant him habeas relief under 28 U.S.C. § 2254, arguing he was deprived of due process when the government relied on contradictory theories in his trial and in the trial of his co-defendant. Specifically, Trimble asserts that during the government's closing argument in Trimble's trial, the government accused Trimble of lying–but during the trial of Trimble's co-defendant, the government relied on Trimble's testimony to support the co-defendant's conviction. Like the state courts that had reviewed and

rejected Trimble's arguments on appeal, the district court[*] found no contradiction in the government's theories in these two trials. Having reviewed the district court's findings of fact for clear error and its conclusions of law de novo, we affirm. Randolph v. Kemna, 276 F.3d 401, 403 (8th Cir. 2002) (standard of review).

To obtain habeas relief, Trimble must show the state court's adjudication of his claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2000). In the report and recommendation adopted by the district court, the magistrate reviewed the relevant portions of trial transcripts as well as the Arkansas Supreme Court's decision. The magistrate found that in both trials, the government "accepted as true the statement of Trimble that he and [his co-defendant] used an alias to register at a local hotel, that they used a fake vehicle registration, and that they disposed of evidence following the crime, in part by buying new clothes at a WalMart in Clinton, Arkansas, and trashing the bloody clothes they were wearing." Trimble v. Norris, No. 5:99CV00472, slip op. at 8-9 (E.D. Ark. Jan. 8, 2002). Further, the magistrate also found that in both trials, the government questioned Trimble's statement that he was outside the building while his co-defendant committed the murder inside the building, and the government consistently argued that both Trimble and his co-defendant participated in the murder, with the co-defendant masterminding the crime. Id. at 9. The district court adopted the magistrate's conclusion that "the prosecutor may do exactly as he did in this case: he may argue the petitioner was truthful on some issue[s] and lied about others." Id. at 8. Because we agree there is no error and thus no deprivation of due process, we hold the district court properly denied Trimble's request for habeas relief under 28 U.S.C. § 2254. See 8th Cir. R. 47B.

---

[*]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring.

I concur, even though I think that the prosecution did indeed pursue conflicting theories in the relevant cases, because the district court's order was not contrary to, or an unreasonable application of, any Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.