# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3604

_____

George Prentiss, III,

        Petitioner-Appellant,

v.

John Ault, II, Warden, Anamosa
State Penitentiary; State of Iowa,

        Respondents-Appellees.

        *
        *
        *  Appeal from the United States
        *  District Court for the Southern
        *  District of Iowa.
        *
        *  [UNPUBLISHED]
        *
        *

_____

Submitted: October 23, 2009
Filed: October 30, 2009

_____

Before BYE, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appellant George Prentiss, III, appeals the district court's[1] denial of his petition for writ of habeas corpus, claiming Iowa state courts unreasonably applied the law by admitting Prentiss's statements to police at trial. Because the Iowa courts did not reach a decision contrary to, or involving an unreasonable application of, clearly established federal law, we affirm the district court's denial of Prentiss's petition.

_____

[1]The Honorable Harold D. Vietor, Senior United States District Judge for the Southern District of Iowa.

Prentiss was convicted of first-degree murder in Iowa state court in 2001. While in police custody prior to trial, Prentiss "asked to speak with Officer Ann Bormann, who was present in the booking area." State v. Prentiss, 669 N.W.2d 260 (Iowa Ct. App. 2003). Officer Bormann informed Prentiss of his Miranda rights, and interviewed Prentiss four times over the course of three days. During these interviews, Prentiss admitted involvement in the charged offense.

At trial, the district court denied Prentiss' motion to suppress the information he gave to police during the interviews. Prentiss was convicted, and his conviction affirmed. After exhausting his Iowa post-conviction appeals, Prentiss brought a petition for writ of habeas corpus in the United States District Court for the Southern District of Iowa. The district court denied Prentiss's petition, and this appeal followed.

In a habeas proceeding, this Court reviews the district court's conclusions of law de novo and its factual findings for clear error. Randolph v. Kemna, 276 F.3d 401, 403 (8th Cir. 2002). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). A writ of habeas corpus is appropriate when a state prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A person is in custody in violation of the Constitution "'if any consecutive sentence the prisoner is scheduled to serve was imposed as the result of a deprivation of constitutional rights.'" Garlotte v. Fordice, 515 U.S. 39, 41, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995) (quoting Peyton v. Rowe, 391 U.S. 54, 64-65, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968)).

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, limits the power of federal courts to grant habeas relief for any claim "adjudicated on the merits in State court proceedings" unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In this appeal, Prentiss alleges the Iowa courts unreasonably applied the Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and its progeny when they concluded Prentiss waived his Miranda rights. To be valid, a waiver of the rights protected by Miranda must be voluntary, knowing, and intelligent. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966). Our independent review of the record confirms the Iowa state courts did not unreasonably apply Miranda in concluding Prentiss waived his Miranda rights. The record reveals that Prentiss–aware of his rights–affirmatively sought to speak with Officer Bormann. The conclusion reached by the Iowa District Court and Iowa Court of Appeals about this conduct amounting to a waiver of Prentiss's Miranda rights is not unreasonable. Therefore, the district court did not err in denying Prentiss's petition for writ of habeas corpus.

We affirm.

_____