J-S72042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| ANTHONY P. PAGLIACCETTI,<br><br>Appellant | : :<br>: | No. 3410 EDA 2016 |

Appeal from the PCRA Order October 6, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0209511-2003

BEFORE:   BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED NOVEMBER 14, 2017**

Appellant Anthony Pagliaccetti appeals *pro se* from the Order entered in the Court of Common Pleas of Philadelphia County on October 6, 2016, denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

A prior panel of this Court set forth the relevant facts and procedural history herein as follows:

> On Christmas Eve 2002, after an argument concerning a stolen cell phone, an intoxicated Appellant shot and killed a lifelong family friend, Jason McFarland, with a .32 caliber revolver. The shooting occurred in the parking lot of a tavern where Appellant and his girlfriend, and the victim and his cousin and uncle, had gathered to celebrate the holiday season.  Appellant immediately fled the scene after the shooting, pulling off and discarding his sweatshirt, and hiding the handgun in the wheel

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*   Former Justice specially assigned to the Superior Court.

well of a car. The victim's cousin, Michael Piazza, caught up with Appellant and tackled him to the ground. Piazza then forced Appellant to return to the tavern where Appellant was arrested by responding police officers.

Appellant was charged with murder and related crimes. A jury found him guilty of third-degree murder, possessing an instrument of crime, and two counts of violating the Uniform Firearms Act. Appellant was sentenced, on June 10, 2004, to 15-30 years' imprisonment. An appeal was filed, judgment of sentence was affirmed on May 25, 2005, and a petition for allowance of appeal was denied on September 21, 2005. ***Commonwealth v. Pagliaccetti***, 880 A.2d 10 (Pa.Super. 2005) (unpublished memorandum), *appeal denied*, 885 A.2d 41 (Pa. 2005).

On September 18, 2006, Appellant filed a counseled PCRA petition alleging ineffectiveness. Certified Record (C.R.) at D1. On April 8, 2008, the court filed its Rule 907 order providing notice of its intention to dismiss the petition without a hearing. An amended notice of intent to dismiss was filed on April 25, 2008. On September 9, 2008, the PCRA court denied relief. Appellant failed to file a timely appeal from that order, but did file a petition asking that his appeal rights be reinstated. By order entered December 22, 2008, the PCRA court, with the Commonwealth's approval, granted Appellant leave to file an appeal *nunc pro tunc*.

On January 12, 2009, Appellant filed a notice of appeal. . .

***Commonwealth v. Pagliaccetti***, No. 197 EDA 2009, unpublished memorandum at 1-2 (Pa.Super. filed March 12, 2010). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on October 14, 2010. ***See Commonwealth v. Pagliaccetti***, 8 A.3d 898 (Pa. 2010) (Table).

On October 31, 2014, Appellant filed the instant PCRA petition, his second, and filed Amended Petitions on January 22, 2016, and on August 10,

2016.[2] Therein, Appellant raised general claims of PCRA counsel's ineffectiveness in litigating his first PCRA petition and his federal action requesting habeas corpus relief.

On March 23, 2016, the PCRA court provided notice of its intent to dismiss Appellant's PCRA petition without a hearing. On May 13, 2016, the court granted Appellant's Motion for Extension of Time and provided Appellant with an additional twenty (20) days in which to file a response; Appellant filed the same on June 7, 2016. On October 6, 2016, upon consideration of Appellant's second PCRA petition and all supplemental petitions, as well as his Response to the Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's second PCRA petition as untimely.

Appellant filed a timely notice of appeal on October 24, 2016. The trial court did not direct Appellant to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not do so. The trial court filed its Rule 1925(a) Opinion on December 8, 2016.

In his brief, Appellant presents the following "Statement of the Questions Involved":

1. Did the PCRA court abuse is discretion in failing to recognize that [Appellant's] claims of PCRA counsel acting under an active conflict of interest; actual innocence; and miscarriage of justice are significantly cognizable to warrant entertaining a second or subsequent PCRA petition.

---

[2] Appellant did not seek leave to amend his PCRA petition prior to filing the subsequent petitions as is required by Pa.R.Crim.P. 905(A).

> 2. Did [Appellant] suffer a miscarriage of justice that no civilized society can tolerate?
>
> 3. Alternatively, this Court should determine whether supplemental counsel should be appointed because of the below conflict of interest?
>
> 4. The conflict of interest and ineffective assistance of post-conviction counsel excuse any default?

Brief for Appellant at ix (unnecessary capitalization omitted).[3]

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa.Super. 2014).

---

[3] Appellant's appellate brief, which spans forty pages, fails to conform to the rules of appellate procedure in numerous ways. **See** Pa. R.A.P. 2101(a). For example, the argument portion does not correspond with each question raised and generally lacks cohesion and clarity. Rule 2119 requires that the "argument shall be divided into as many parts as there are questions to be argued" and include "such discussion and citation of authorities as are deemed pertinent." **Id.** at 2119. For this reason, we could find his issues waived for failure to comply with our briefing requirements. "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Umbelina v. Adams**, 34 A.3d 151, 161 (Pa.Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012) (quoting **In re W.H.**, 25 A.3d 330, 339 (Pa.Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. 2011)); **see also** Pa.R.A.P. 2119(a).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)     Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

    (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

    (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

As noted previously, Appellant was sentenced on June 10, 2004, and this Court affirmed the judgment of sentence on May 25, 2005. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 21, 2005, and Appellant did not file a writ of certiorari in the United States Supreme Court. Therefore, Appellant's judgment of sentence became final ninety days thereafter on December 21, 2005. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S.Sup.Ct.R.13.1.

Since Appellant filed the instant petition on October 31, 2014, it is patently untimely and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar is applicable. *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception). In addition, an Appellant must comply with 42 Pa.C.S.A. § 9545(b)(2) (stating "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented").

Appellant did not acknowledge the untimeliness of his PCRA petition either in the petition he initially filed on October 31, 2014, or in the subsequent

amendments thereto, nor did he specifically invoke one of the aforementioned exceptions to the PCRA time-bar. In his appellate brief, Appellant generally maintains that his "first PCRA petition was fatally defective (ab initio) because of the denial of competent counsel to represent petitioner; based upon counsel's active conflict of interest that later came to light." Brief for Appellant at 4-5. Appellant fails to detail counsel's alleged conflict of interest or explain how he is entitled to PCRA relief in light of the same. Moreover, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 584 Pa. 576, 588, 886 A.2d 1120, 1127 (2005). Thus, his initial claim is meritless.

Appellant next alleges he suffered an "intolerable" miscarriage of justice which violated his state and federal due process rights. Brief for Appellant at 7. In support of this averment, Appellant states the Third Circuit granted him a "certificate of appealability," claims trial counsel was "conflicted," maintains the trial court had been a former prosecutor whose daughter was an assistant district attorney, and contends other jurists had connections with the Fireside Tavern, the scene of the murder. *Id*. at 8-10.

Initially, we note that in support of its decision to dismiss Appellant's writ of *habeas corpus* petition, the Federal District Court adopted the report and recommendation of the United States Magistrate Judge and held that an erroneous jury instruction regarding self-defense was harmless. *Pagliaccetti*

*v. Kerestes*, 948 F.2d 452 (3rd Cir. 2013), *aff'd*, 581 Fed. Appx. 134 (3rd Cir. 2014), *cert denied*, 135 S.Ct. 1152 (2015). Also, a federal court's review of one's petition for writ of *habeas corpus* does not preclude him or her from filing a timely petition pursuant to the PCRA. **Commonwealth v. Jones**, 617 Pa. 587, 54 A.3d 14, 18 (2012). Appellant does not aver his remaining allegations were unknown to him at the time of trial or the filing of his initial PCRA; thus, they are waived. **See** 42 Pa.C.S.A. § 9544(b) (providing that, under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding."); **see also Commonwealth v. Rush**, 576 Pa. 3, 18, 838 A.2d 651, 660 (2003) (stating that "[a]t the collateral review stage, allegations of trial court error are waived, since they were not raised at the first opportunity for review.").

Appellant further asserts he is entitled to have new counsel appointed to represent him in the instant PCRA. In doing so, he purports to invoke the "newly recognized constitutional right" exception to the PCRA time-bar by citing to a number of United States Supreme Court cases pertaining to federal *habeas* law which he alleges announced new constitutional rights to be applied retroactively. Appellant focuses his argument on the United States Supreme Court's decision in **Martinez v. Ryan**, 566 U.S. 1, 132 S.Ct. 1309 (2012), wherein the Court held that:

> [w]here, under state law, claims of ineffective assistance of trial
> counsel must be raised in an initial-review collateral proceeding,

a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17, 132 S.Ct. at 1320.

However, this Court has held that the United States Supreme Court's decision in *Martinez* has no effect on a petitioner's ability to assert such claims in Pennsylvania state courts under the PCRA, and, therefore it provides no support for an exception to the PCRA's timeliness requirements. 42 Pa.C.S.A. § 9545(b). *See Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa.Super. 2013) ("While *Martinez* represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA."). Even if *Martinez* had created a new constitutional right to be applied retroactively, the Supreme Court decided that case on March 20, 2012, although Appellant did not file the instant petition until over two years later, well beyond the sixty-day time period necessary to invoke the exception under 42 Pa.C.S.A. §§ 9545(b)(1)(iii). Moreover, although a first-time PCRA petitioner is entitled to appointment of counsel, there is no such entitlement on second and subsequent petitions. *Commonwealth v. Priovolos*, 746 A.2d 621, 624 (Pa.Super. 2000).

For the foregoing reasons, Appellant's second PCRA petition is untimely, and he has failed to plead and prove an exception to the statutory time-bar. The PCRA court properly dismissed it, and we discern no other basis on which

to disturb the PCRA court's dismissal of Appellant's petition as untimely. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017